1

2

3

4                                **UNITED STATES DISTRICT COURT**

5                                    **DISTRICT OF NEVADA**

6

7    LENA K. DALY,                                    )
                                                      )
8                        Plaintiff,                   )
                                                      )          3:13-cv-00222-RCJ-VPC
9                   vs.                               )
                                                      )
10   DTE ENERGY SERVICES, INC. et al.,                )          **ORDER**
                                                      )
11                       Defendants.                  )
     _____         )

12       This case arises out of the alleged sexual harassment and assault of Plaintiff by a

13   coworker.  Pending before the Court is a Motion to Dismiss (ECF No. 16).  Plaintiff did not

14   timely respond but requested an extension after time expired.  For the reasons given herein, the

15   Court grants the motion to dismiss in part.

16   **I.      FACTS AND PROCEDURAL HISTORY**

17       Plaintiff Lena K. Daly was formerly employed as a Material Handler for former defendant

18   DTE Energy Services, Inc. ("DTE"). (Compl. ¶¶ 3–4, Apr. 30, 2013, ECF No. 1).  During her

19   employment, Plaintiff was subjected to a hostile workplace environment ("HWE"), including the

20   word "bitch" being written on her overalls, being locked out of her locker, being refused medical

21   attention when she was injured by safety officer Lee Melrose, bring assaulted, and receiving a

22   death threat. (*See id.* ¶ 6).  Plaintiff does not allege the perpetrators of the complained of acts, but

23   Plaintiff presumably means to imply these acts were carried out by one or more of her co-

24   workers. (*See id.*).  Plaintiff complained of her treatment, and that she believed it was because of

25   her gender, to her Shift Supervisor, Naomi Heneage, a Mr. Jason Marks, and Plant Manager

1  Norm Duperronn. (*Id.* ¶¶ 7).  In retaliation, unidentified persons at DTE requested that Heneage

2  lower Plaintiff's performance appraisal. (*See id.* ¶ 8).

3         Eventually, DTE was taken over by the other Defendants, Newmont Nevada Energy

4  Investment, LLC; Newmont USA Limited; Newmont Gold Company (collectively, "Newmont"

5  or "Newmont Defendants"); and Nevada Energy Investment, LLC. (*See id.* ¶ 9).  Plaintiff applied

6  for employment with Newmont in the same position she had with DTE. (*See id.* ¶¶ 10–11).[1]

7  Newmont did not hire Plaintiff, although it hired five other persons to perform the same job. (*Id.*

8  ¶ 12).  Newmont refused to hire Plaintiff because DTE had informed Newmont of Plaintiff's

9  previous protected activity, i.e., her HWE complaints. (*Id.* ¶¶ 13–14).

10        Plaintiff sued DTE; Newmont Nevada Energy Investment, LLC; Newmont USA Limited;

11  Newmont Gold Company; and Nevada Energy Investment, LLC in this Court for: (1) HWE

12  under Title VII and (2) retaliation under Title VII.  The Clerk dismissed without prejudice as

13  against DTE under Rule 4(m) for failure to timely serve process.  The remaining Defendants

14  minus Nevada Energy Investment, LLC (collectively, "Newmont Defendants") have moved to

15  dismiss for lack of subject matter jurisdiction and failure to state a claim.

16  **II.      LEGAL STANDARDS**

17       **A.      Dismissal**

18        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

19  claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

20  what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

21  (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

22  that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule

23

24       [1]Plaintiff does not explain whether Newmont, upon taking over DTE, required all
     employees to reapply for their positions, or whether DTE in fact had terminated Plaintiff such
25   that the requirement to reapply was specific to Plaintiff, but she appears to imply the former.

1  12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

2  F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for

3  failure to state a claim, dismissal is appropriate only when the complaint does not give the

4  defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

5  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is

6  sufficient to state a claim, the court will take all material allegations as true and construe them in

7  the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

8  Cir. 1986).  The court, however, is not required to accept as true allegations that are merely

9  conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

10  *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

11  with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own

12  case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79

13  (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff

14  pleads factual content that allows the court to draw the reasonable inference that the defendant is

15  liable for the misconduct alleged.").  In other words, under the modern interpretation of Rule

16  8(a), a plaintiff must not only specify a cognizable legal theory (*Conley* review), but also must

17  plead the facts of his own case so that the court can determine whether the plaintiff has any

18  plausible basis for relief under the legal theory he has specified, assuming the facts are as he

19  alleges (*Twombly-Iqbal* review).

20      "Generally, a district court may not consider any material beyond the pleadings in ruling

21  on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the

22  complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

23  *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents

24  whose contents are alleged in a complaint and whose authenticity no party questions, but which

25  are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

1  motion to dismiss" without converting the motion to dismiss into a motion for summary

2  judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule

3  of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

4  *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court

5  considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

6  summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.

7  2001).

8           **B.      Title VII Jurisdiction and Time Limits**

9           A charge under Title VII must be filed within 180 days after the occurrence of the alleged

10  unlawful employment practice. 42 U.S.C. § 2000e–5(e)(1).  However, where an aggrieved person

11  has initially instituted proceedings with a state or local agency with authority to grant relief for

12  such action, the charge must be brought within 300 days of the occurrence or within 30 days after

13  receiving notification that the state or local agency has terminated its proceedings, whichever

14  occurs earlier. *Id.*  NERC is such a body in the state of Nevada. *See* Nev. Rev. Stat. § 233.150.

15          Although filing a charge of discrimination with the EEOC is a jurisdictional prerequisite

16  to a Title VII suit, "filing a *timely* charge of discrimination with the EEOC is not a jurisdictional

17  prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject

18  to waiver, estoppel, and equitable tolling." *Zipes v. TWA*, 455 U.S. 385, 393 (1982) (emphasis

19  added).  The distinction is often of no practical significance, and courts sometimes still refer to

20  the timeliness requirement as being jurisdictional. *See, e.g., Vasquez v. Cnty. of L.A.*, 349 F.3d

21  634, 644 (9th Cir. 2003) ("To establish subject matter jurisdiction over his Title VII retaliation

22  claim, [the plaintiff] must have exhausted his administrative remedies by filing a *timely* charge

23  with the EEOC." (emphasis added)).  But only the requirement to file a charge with the EEOC at

24  some point in time is a jurisdictional prerequisite; the timeliness provision operates as a statute of

25  limitations that may be waived, estopped, or tolled, because it appears in a separate provision of

1   Title VII than does the jurisdictional grant. *Zipes*, 455 U.S. at 393–94; *Surrell v. Cal. Water Serv.*

2   *Co.*, 518 F.3d 1097, 1104–05 (9th Cir. 2008) (citing *id.*).  Title VII's exhaustion requirement

3   limits the jurisdiction of federal courts to those claims that the EEOC has had an opportunity to

4   examine, meaning those claims the EEOC actually adjudicates and any claims the plaintiff files

5   with the EEOC but the EEOC fails to adjudicate or investigate. *Vasquez*, 349 F.3d at 644.  In

6   summary, there is federal jurisdiction over any Title VII claim a plaintiff has given the EEOC an

7   opportunity to adjudicate, but a federal court will accept jurisdiction over and then dismiss any

8   claim untimely presented to the EEOC, subject to waiver, estoppel, and equitable tolling.

9   **III.   ANALYSIS**

10          Newmont first notes that only "Newmont Mining Corp." is listed on the Charge of

11   Discrimination ("COD") and that, accordingly, only Newmont Nevada Energy Investment, LLC

12   ("NNEI")—the entity's proper name—received the Notice of COD ("Notice"). (*See* Mot. Ex. 1,

13   ECF No. 15), not Newmont USA Limited or Newmont Gold Co.[2]  Newmont also notes that there

14   is no such entity as Newmont Energy Investment, LLC, but that the proper name for the entity is,

15   again, Newmont Nevada Energy Investment, LLC.  The Court agrees and will dismiss as against

16   all Defendants except NNEI.

17          NNEI then asks the Court to dismiss both claims for failure to state a claim.

18              To prevail on a hostile workplace claim premised on either race or sex, a
                plaintiff must show: (1) that he was subjected to verbal or physical conduct of a racial
19              or sexual nature; (2) that the conduct was unwelcome; and (3) that the conduct was
                sufficiently severe or pervasive to alter the conditions of the plaintiff's employment
20              and create an abusive work environment.

21   *Vasquez*, 349 F.3d at 642.  The Court rejects NNEI's argument that the allegations are not

22   directed toward a particular Defendant.  The claims are directed toward DTE, the employer, and

23   ───────────────

24          [2]The COD clarifies some facts.  It indicates that Plaintiff began working for DTE in April
        2008, that Newmont took over in 2010, that Plaintiff was informed she would be laid off on July
25      1, 2010, and that Newmont did not hire back any female employees. (*See* COD, Feb. 11, 2011,
        ECF No. 15-1, at 4).

1   therefore at NNEI by succession liability, assuming this kind of liability can lie here. *See. e.g.*,

2   *Criswell v. Delta Airlines, Inc.*, 868 F.2d 1093, 1094 (9th Cir. 1989) (ruling that assuming

3   continuity of operations, notice and ability to provide relief are the critical factors).  Because no

4   supervisory employees are specifically alleged to have caused the harassment, and even assuming

5   Plaintiff could not show this—which she may in fat be able to after discovery—Plaintiff has

6   already sufficiently alleged that supervisory employees failed to take corrective action after being

7   made aware of the situation such that she has made out a *prima facie* case that DTE was

8   indifferent to her working conditions in relevant respects. *See Vance v. Ball State Univ.*, 133 S.

9   Ct. 2434, 2439 (2013) ("If the harassing employee is the victim's co-worker, the employer is

10  liable only if it was negligent in controlling working conditions.").

11          The other claim is against NNEI for its own alleged retaliation against Plaintiff, i.e., its

12  refusal to hire her because of her previous protected activity.[3]  That claim is also sufficiently

13  pled.  Plaintiff specifically alleges that NNEI refused to hire her because of her complaints about

14  the alleged HWE to her supervisors under DTE.  She will have to prove these facts to obtain

15  relief, but she has sufficiently alleged them.  NNEI argues as if Plaintiff alleges retaliation by

16  virtue of having been laid off by DTE in 2010.  The Court does not perceive this to be the

17  gravamen of the second claim.  Indeed, the very fact of Plaintiff's layoff by DTE can only be

18  guessed at from the Complaint, *see supra* note 1.  What is clear from the Complaint is that

19  Plaintiff is aggrieved by NNEI's refusal to (re)hire her, allegedly based upon her having

20  complained in the past about the HWE issue to DTE.  Therefore, Plaintiff's failure to allege any

21  causal link between her HWE complaint and her layoff by DTE is inapposite to any claim she has

22  brought.  She has indeed, however, alleged a causal link between her HWE complaint to DTE

23  and NNEI's refusal to (re)hire her.  The fact that six months or more elapsed between the HWE

24  _____

25          [3]Although it arises out of a refusal to hire, the claim does not appear to be for sex
    discrimination directly, but for retaliation.

1   complaint and Plaintiff's termination by DTE and her failure to regain employment with NNEI

2   only potentially weighs against a putative retaliation claim based upon the termination by DTE.

3   In other words, one could reason that DTE did not retaliate for Plaintiff's HWE claim when it

4   terminated her, because it waited six months to do so, during which time it maintained a

5   relationship with her.  But the same logic does not follow as to NNEI's refusal to (re)hire

6   Plaintiff.  NNEI's decision not to (re)hire her was its first contact with Plaintiff.  It had no

7   existing, continuing relationship with her, so the fact that it took no action against her until she

8   applied for employment six months after her HWE claim to DTE is factually uninteresting.

9   Plaintiff alleges that the very first contact she had with NNEI was its refusal to hire her because

10   of her having filed an HWE complaint in the past.  That would be sufficient to support a

11   retaliation claim against NNEI no matter how much time had passed between the past HWE

12   complaint and the refusal to hire, and regardless of whether the HWE claim upon which the

13   retaliation was based arose out of a relationship between Plaintiff and NNEI's predecessor or

14   some protected activity totally unrelated to NNEI.  And Plaintiff need not plead the retaliation

15   allegations with specificity under Rule 9(b), as NNEI implies on page 11 of its motion.

16          Finally, the Court will strike the demand for "liquidated damages," as requested.  That

17   measure of damages applies only to contracts with relevant clauses and certain other statutes, but

18   not under Title VII.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Extension of Time (ECF No. 17) is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 15) is GRANTED IN PART and DENIED IN PART.  All Defendants are dismissed except Newmont Nevada Energy Investment, LLC.  The prayer for liquidated damages is stricken.

IT IS SO ORDERED.

Dated this 12th day of February, 2014.

_____
ROBERT C. JONES
United States District Judge